MARK J. REICHEL, State Bar #155034
THE LAW OFFICES OF MARK J. REICHEL
455 CAPITOL MALL, 3rd FLOOR, Suite 350
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:       (916) 441-6553
mark@reichellaw.com
www.reichellaw.com

Attorney for Defendant
MATTHEW WHITE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 09 -0302 LJO |
| ) | |
| Plaintiff, ) | **STIPULATION TO VACATE STATUS DATE AND TRIAL DATE ; ORDER OF DENIAL THEREON** |
| v. ) | |
| ) | Judge: HONORABLE LAWRENCE J. O'NEILL |
| MATTHEW WHITE ) | |
| Defendant. ) | |

**IT IS HEREBY STIPULATED** by and between the parties hereto through their respective counsel, BRIAN ENOS, Assistant United States Attorney, attorney for Plaintiff, and MARK J. REICHEL, Esq., attorney for defendant, that the present date for the status hearing be vacated and re calendared for March 12, 2010.

It is further stipulated that the trial date of March 15, 2010 be vacated. The parties further stipulate that a new and different trial date will be set at the March 12, 2010 hearing.

This continuance is requested as defendant is substituting in new retained defense counsel, with this court's permission, due to a

Stipulation to vacate jury trial date

breakdown in the attorney client relationship with appointed counsel. New defense counsel advises in this stipulation as follows, and that the following matters will taken place in the time period from the date of this stipulation until the date of March 12, 2010:

   i. Defense counsel will not be able to attend a status conference as currently set for February 12, 2010 due to other commitments; as well, he is not available for any Fridays until March 12, 2010 based upon other cases which will be closing out through sentencing in federal court in Sacramento;

   ii. He needs adequate time to prepare for this case and has not yet received discovery. However, in the time frame set forth above he will review all discovery, conduct pertinent legal research, interview and assess witnesses, and retain experts for trial, if necessary;

   iii. The parties are in negotiations to possibly resolve the matter;

   iv. Defense counsel starts a 10 day jury trial in District Court in San Jose on March 23, 2010, and needs to continue to prepare adequately for same.

   If the court endorses this stipulation by way of formal order, counsel for the United States plans on asking the court to set a new trial date at the next status conference. If the court does not find this stipulation to be supported by good cause, counsel for the United States requests that this Friday's status conference be changed to a trial confirmation hearing so that the parties can learn of pre-trial deadlines in time to properly adhere to them.

Stipulation to vacate jury trial date                2

1  Accordingly, all counsel and defendant agree that time under the
2  Speedy Trial Act from the date this stipulation is lodged, through
3  March 12, 2010 should be excluded in computing the time within which
4  trial must commence under the Speedy Trial Act, pursuant to Title 18
5  U.S.C. § 3161 (H)(7)(B)(iv) and Local Code T4.

6  DATED: February 11, 2010.    Respectfully submitted,

7                               MARK J. REICHEL, ESQ.

8                               /s/ MARK J. REICHEL
                                MARK J. REICHEL
9                               Attorney for defendant

10

11                              BENJAMIN WAGNER
                                United States Attorney
12

13 DATED: February 11, 2010.    /s/MARK J. REICHEL for:
                                BRIAN ENOS
14                              Assistant U.S. Attorney
                                Attorney for Plaintiff
15

16                              **O R D E R**

17 DECIDING TO RETAIN A NEW LAWYER IS NOT ITSELF GOOD CAUSE TO VACATE A
18 TRIAL DATE.  THERE IS A TRIAL DATE OF MARCH 15, 2010 THAT IS INTACT AND
19 WILL REMAIN ON CALENDAR.  THE CONCLUSORY STATEMENT THAT ATTORNEY-CLIENT
20 RELATIONS HAVE BROKEN DOWN IS INSUFFICIENT TO ESTABLISH THE REQUESTED
21 RELIEF.  IN THAT IT APPEARS THAT REQUESTED COUNSEL IS UNABLE TO TRY THE
22 CASE ON THE DATE SET, THE SUBSTITUTION WILL BE DENIED.  THE STATUS
23 CONFERENCE WILL ALSO REMAIN INTACT FOR AN UPDATED POSITION OF COUNSEL
24 AND THE DEFENDANT IN LIGHT OF THIS ORDER.
25
26
27 IT IS SO ORDERED.
28 **Dated:   February 11, 2010          /s/ Lawrence J. O'Neill**

Stip and Order                          3

1  UNITED STATES DISTRICT JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stip and Order 4