1  BENJAMIN B. WAGNER
   United States Attorney
2  BRIAN W. ENOS
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone:  (559) 497-4000
5  Facsimile:  (559) 497-4099

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

   UNITED STATES OF AMERICA,        )   Case No. 1:09-CR-00302 LJO
11                                   )
                    Plaintiff,       )   **MEMORANDUM OF PLEA AGREEMENT**
12                                   )   **UNDER RULE 11(c) OF THE FEDERAL**
                                     )   **RULES OF CRIMINAL PROCEDURE**
13       v.                          )
                                     )   Date: February 19, 2010
14                                   )   Time: TBD
   MATTHEW WHITE,                    )   Ctrm: 4
15                                   )   Hon. Lawrence J. O'Neill
                    Defendant.       )
16   _____)

17       Pursuant to Rule 11(c) of the Federal Rules of Criminal

18  Procedure, plaintiff United States of America, by and through

19  Benjamin B. Wagner, the United States Attorney for the Eastern

20  District of California, and Assistant United States Attorney

21  Brian W. Enos, has agreed with defendant Matthew White, and his

22  attorney, Assistant Federal Defender Melody Walcott, as follows:

23       1.  <u>Charges</u>.

24       The defendant acknowledges that he has been charged in an

25  indictment as follows:

26       One Count of Receipt or Distribution of Material Involving

27  the Sexual Exploitation of Minors, in violation of Title 18,

28  United States Code, Section 2252(a)(2) (Count One); and

                                    1

One Count of Possession of Material Involving The Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) (Count Two).

The defendant will plead guilty to Count Two of the indictment.

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the indictment, and the charges have been fully explained to him by his attorney.  Further, the defendant fully understands the nature and elements of the crime charged in Count Two of the indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Possession of Material Involving the Sexual Exploitation of Minors, as alleged in Count Two of the indictment, are as follows:

> First: The defendant knowingly possessed visual depictions that had been shipped or transported in interstate or foreign commerce by any means including a computer;

> Second, The producing of any such visual depiction involved the use of one or more real minors engaged in sexually explicit conduct and such visual depiction was of such conduct; and

> Third, the defendant had knowledge that the visual depiction involved the use of one or more real minors engaged in sexually explicit conduct.

3. <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count Two of the indictment, which charges him with Possession of Material

1   Involving the Sexual Exploitation of Minors, in violation of

2   Title 18, United States Code, Section 2252(a)(4)(B).

3       (c)   The defendant is aware that Title 18, United States

4   Code, Section 3742 affords a defendant the right to appeal any

5   sentence imposed.   Acknowledging this, the defendant knowingly

6   and voluntarily waives his Constitutional and statutory rights to

7   appeal his plea, conviction, and sentence.   This waiver of appeal

8   includes, but is not limited to, an express waiver of defendant's

9   rights to appeal his plea, conviction, and sentence on any

10  ground, including any appeal right conferred by 18 U.S.C. § 3742

11  or otherwise.   The defendant further agrees not to contest his

12  plea, conviction, or sentence in any post-conviction proceeding,

13  including but not limited to a proceeding under 28 U.S.C. § 2255

14  or § 2241.

15      (d)   The defendant further acknowledges that his plea of

16  guilty is voluntary and that no force, threats, promises or

17  representations have been made to anybody, nor agreement reached,

18  other than those set forth expressly in this agreement, to induce

19  the defendant to plead guilty.

20      (e)   The defendant agrees to waive all rights under the

21  "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to

22  recover attorney's fees or other litigation expenses in

23  connection with the investigation and prosecution of all charges

24  in the above-captioned matter and of any related allegations

25  (including without limitation any charges to be dismissed

26  pursuant to this Agreement and any charges previously dismissed).

27

28

MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(C)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

(f) The defendant agrees that the sentencing court will consult the United States Sentencing Commissions Guidelines (2008 edition) when sentencing the defendant in this case.

(g)  Defendant acknowledges that the sentencing court will consult the United States Sentencing Guidelines ("USSG") and will look to them in determining a reasonable sentence.  Defendant further agrees that his conduct is governed by USSG Section 2G2.2, and that the base offense level for his crime is eighteen (18).

(h) The defendant agrees that the material he possessed involved sexually explicit images of prepubescent minors and/or children under the age of twelve (12) years, and this will increase his offense level by two (2) levels under USSG § 2G2.2(b)(2).

(i) The defendant agrees that he possessed images depicting minors engaged in sexually explicit conduct resulted from the defendant's use of a computer, and this will increase his offense level by two (2) levels under USSG § 2G2.2(b)(6).

(j) The defendant agrees that he possessed material that portrays sadistic or masochistic conduct or other depictions of violence, and this will increase his offense level by four (4) levels under USSG § 2G2.2(b)(4).

(k)  The defendant agrees that the offense involved at least 150 images of minors engaged in sexually explicit conduct, and this will increase his offense level by three (3) levels under USSG § 2G2.2(b)(7)(D).

(l)  The defendant agrees that his total offense level,

1  after a reduction of three (3) levels for acceptance of

2  responsibility, will be twenty-six (26).  This will produce a

3  sentencing range, assuming he is in Criminal History Category I,

4  of 63-78 months.

5      (m)  Defendant agrees that he may move for a four (4) level

6  downward departure of this offense level only.  Assuming

7  defendant is in Criminal History Category I and he succeeds in

8  obtaining the entirety of this downward departure, this would

9  produce a total offense level of twenty-two (22), with an

10  ultimate sentencing range of 41-51 months.  The defendant

11  understands and agrees that this agreement by him includes, but

12  is not limited to, not moving for an additional downward

13  departure of his offense level, criminal history category, or

14  criminal history points as defined by the United States

15  Sentencing Guidelines.  Defendant further understands and agrees

16  that the government may oppose defendant's request for a downward

17  departure.

18      The defendant agrees not to move, either directly or

19  indirectly through others, for a downward departure, variance or

20  reduction of his sentence beyond any departure, variance or

21  reduction agreed to by the defendant in Section 3(m) of this plea

22  agreement.  The defendant understands and agrees that this

23  agreement by him includes, but is not limited to, not moving for

24  a downward departure, variance or reduction of his offense level,

25  criminal history category, or criminal history points as defined

26  by the United States Sentencing Guidelines beyond those

27  departures expressly addressed in this plea agreement.

28  Furthermore, defendant shall not argue, by way of reference to

factors under 18 U.S.C. § 3553, for a term of imprisonment less than the applicable guideline sentence contemplated by this plea agreement.  In fact, both parties stipulate and agree not to move for, or argue in support of, any additional departure from the sentencing guidelines.  Both parties instead agree and stipulate that the guideline sentence is a "reasonable sentence" pursuant to the facts in this case.

(n)   The defendant agrees that one component of an overall reasonable sentence will be a term of supervised release of 60 months (5 years).

(o)   If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty, (2) to reinstate any counts that may be dismissed under this agreement, and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(p)   The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a).  Defendant

MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(C)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

1    further agrees that, subject to approval of the Court, he will be
2    remanded into custody within two weeks of entering his guilty
3    plea, or by March 5, 2010.

4        (q)  The defendant acknowledges that he has been advised,
5    and he understands, that under the Sex Offender Registration and
6    Notification Act, a federal law, that he must register and keep
7    his registration current in each of the following jurisdictions:
8    where he resides, where he is an employee, and where he is a
9    student.  He understands that the requirements for registration
10   include providing his name, his residence address, and the names
11   and addresses of any places where he is or will be an employee or
12   student, among other information.  He further understands that
13   the requirement to keep the registration current includes
14   informing at least one jurisdiction in which he resides, is an
15   employee, or student not later than three business days after any
16   change in name, residence, employment, or student status.  The
17   defendant has been advised, and understands, that failure to
18   comply with these obligations subjects him to prosecution for
19   failure to register under federal law, 18 U.S.C. § 2250, which is
20   punishable by a fine or imprisonment, or both.

21       (r)  The defendant agrees to forfeit all computers, laptops,
22   and computer related equipment that were seized by the Federal
23   Bureau of Investigation at the time of his arrest for the instant
24   offense.

25       4.  Agreements by the Government.

26       (a)  The government will recommend a three-level reduction
27   in the computation of his offense level if the defendant clearly
28   demonstrates acceptance of responsibility for his conduct as

7

1 defined in Section 3E1.1 of the United States Sentencing
2 Commission Guidelines Manual.
3     (b) The government will dismiss Count One of the indictment
4 in this case if the defendant is sentenced under the terms of
5 this plea agreement.
6     (c)  The government agrees that an additional component of a
7 reasonable sentence will be a term of supervised release of five
8 years (60 months).
9     (d)  The government will not argue for any sentencing
10 enhancements not referenced in Section 3, above. In addition, the
11 government agrees that a reasonable sentence is the low end of
12 the applicable guideline range of 63-78 months, or 63 months.
13     5.   <u>Factual Basis</u>.
14     The defendant will plead guilty because he is in fact guilty
15 of the crime set forth in Count Two of the indictment.  Defendant
16 also agrees that the following are the facts of this case,
17 although he acknowledges that, as to other facts, the parties may
18 disagree:
19     Defendant, on or about December 11, 2008, in San Joaquin
    County, within the State and Eastern District of California,
20    and elsewhere did knowingly possess one or more matters
    which contained any visual depiction that had been mailed,
21    shipped, or transported in interstate or foreign commerce,
    or which was produced using materials which had been so
22    mailed, shipped, or transported, the producing of which
    involved a minor engaging in sexually explicit conduct and
23    the depiction was of such conduct, specifically: the
    defendant possessed on a computer at least one image file
24    which contained a visual depiction, the producing of which
    involved the use of a minor engaged in sexually explicit
25    conduct, and was of such conduct, as defined in Title 18,
    United States Code, Section 2256, and which had traveled in
26    interstate commerce all in violation of Title 18, United
    States Code, Section 2252(a)(4)(B).
27
28

MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(C)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

6.   <u>Potential Sentence</u>.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.  Further, he understands that the court may choose a sentence above or below the applicable guideline range depending on the aggravating or mitigating facts of the defendant's case.  The following are the potential penalties that the defendant faces:

**18 U.S.C. § 2252(a)(4)(B): Possession of Material Involving The Sexual Exploitation of Minors:**

(a)  Imprisonment.

Maximum: Ten (10) years.

(b)  Fine.

Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c)  Both such fine and imprisonment.

(d)  Term of Supervised Release.

Lifetime

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

(e)  Penalty Assessment:

Mandatory: One Hundred Dollars ($100).

7.  <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)   If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and

speedy trial.  The trial could be either a jury trial or a trial
by a judge sitting without a jury.  Defendant has a right to a
jury trial.  But in order that the trial be conducted by a judge
sitting without a jury, defendant, the government and the judge
all must agree that the trial be conducted by the judge without a
jury.

    (b)  If the trial were a jury trial, the jury would be
composed of twelve lay persons selected at random.  Defendant and
his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges.  The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that defendant is presumed innocent
and that it could not convict him unless, after hearing all the
evidence, it was persuaded of his guilt beyond a reasonable
doubt.

    (c)  If the trial were held before a judge without a jury,
the judge would find the facts and determine, after hearing all
the evidence, whether or not he was persuaded of the defendant's
guilt beyond a reasonable doubt.

    (d)  At a trial, whether by a jury or a judge, the
government would be required to present its witnesses and other
evidence against defendant.  Defendant would be able to confront
those government witnesses and his attorney would be able to
cross-examine them.  In turn, defendant could present witnesses
and other evidence on his own behalf.  If the witnesses for
defendant would not appear voluntarily, he could require their

1  attendance through the subpoena power of the Court. At trial, the

2  defendant would also have the right to assistance of legal

3  counsel.  If he could not afford legal counsel, one would be

4  appointed for him by the court at no expense to him.

5      (e)  At a trial, defendant would have a privilege against

6  self-incrimination so that he could decline to testify,

7  and no inference of guilt could be drawn from this refusal to

8  testify.

9  Defendant understands that by pleading guilty he is waiving

10  all of the rights set forth above and defendant's attorney has

11  explained those rights to him and the consequences of his waiver

12  of those rights.

13      8.  Questions by Court.

14  Defendant understands that if the court questions him under

15  oath, on the record and in the presence of counsel, about the

16  offense to which he has pleaded guilty, his answers, if false,

17  may later be used against him in a prosecution for perjury.

18      9.  Entire Agreement.

19  This plea of guilty is freely and voluntarily made and not

20  the result of force or threats or of promises apart from those

21  set forth in this plea agreement.  There have been no

22  representations or promises from anyone as to what sentence this

23  Court will impose.

24      10.  Court not a Party.

25  It is understood by the parties that the sentencing court is

26  neither a party to nor bound by this agreement and the sentencing

27  judge is free to impose the maximum penalties as set forth in

28  paragraph 6.  Further, in making its sentencing decision, the

1  Court may take into consideration any and all facts and

2  circumstances concerning the criminal activities of defendant,

3  including activities which may not have been charged in the

4  indictment.

5      11.  <u>Presentence Report</u>.

6      Defendant understands that the United States Probation

7  Office is not a party to this agreement and will conduct an

8  independent investigation of defendant's activities and his

9  background.  It will then prepare a presentence report which it

10  will submit to the Court as its independent sentencing

11  recommendation.  In addition, the government will fully apprise

12  the Probation Office, as well as the Court, of the full and true

13  nature, scope and extent of the defendant's criminal activities,

14  including information on his background and criminal history.

15

16                          BENJAMIN B. WAGNER
                           United States Attorney

17

18  DATED:  2-19-10          By  _____
                               BRIAN W. ENOS, Esq.
19                             Assistant U.S. Attorney

20  DATED:  2-19-10          _____
                           MATTHEW WHITE
21                          Defendant

22
   DATED:  2/19/10          _____
23                          MELODY WALCOTT, Esq.
                           Assistant Federal Defender
24                          Attorneys for Defendant

25

26

27

28